# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2630

_____

Eric C. Burgie,

        Appellant,

        v.

Larry Norris, Director, Arkansas
Department of Correction; Grant Harris,
Warden, Varner Unit, ADC; Edwin
Brown, Jr., CO-II, Varner Super Max,
ADC; Kim Luckett, Assistant Warden,
Varner Super Max, ADC; Suber, Lt.,
Varner Super Max, ADC; Ray Hobbs,
Chief Deputy Director of ADC;
Tiffanye Compton, Grievance
Supervisor; Timmothy Hurst, Assistant
Warden of ADC,

        Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: March 5, 2010
Filed: March 31, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2007, Arkansas inmate Eric Burgie filed a 42 U.S.C. § 1983 complaint against several Arkansas Department of Correction employees. In December 2008,

Burgie filed through counsel a motion to dismiss the action, indicating that he had entered into a settlement agreement with defendants. In January 2009, Burgie objected to the motion to dismiss. The district court[1] dismissed the action with prejudice, finding that Burgie knowingly and voluntarily entered into the settlement agreement. Burgie appeals, asking that the case be remanded for further proceedings, and arguing that defendants violated and undermined the settlement agreement by transferring him to a different unit before the agreement became effective.

We conclude that the district court did not clearly err in finding that Burgie had entered into a settlement agreement. See Chaganti & Assocs., P.C. v. Nowotny, 470 F.3d 1215, 1221 (8th Cir. 2006) (standard of review). Nothing in the record indicates that Burgie was not competent to enter into the settlement agreement, or that he did not enter into the agreement knowingly and voluntarily. See id. (basic principles of contract law govern existence and enforcement of alleged settlement; applying Missouri law to determine whether settlement agreement existed where parties agreed Missouri law governed); City of Dardanelle v. City of Russellville, 277 S.W.3d 562, 565-66 (Ark. 2008) (listing essential elements of contract). To the extent Burgie seeks to avoid the settlement agreement by asserting that his early transfer undermined his reasons for entering the agreement, we conclude his argument fails. See Bishop v. Bishop, 961 S.W.2d 770, 775 (Ark. Ct. App. 1998) (there can be no rescission of contract on account of mistake of one party only, where other party was not guilty of any fraud, concealment, undue influence, or bad faith, and did not induce or encourage mistake, and will not derive any unconscionable advantage from enforcement of contract); see also Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985) (per curiam) (parties to voluntary settlement agreement cannot avoid agreement simply because agreement ultimately proves to be disadvantageous). Further, contrary

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

to Burgie's argument, we conclude that nothing in the settlement agreement prohibited defendants from transferring him before the agreement became effective.

Accordingly, we affirm the dismissal.

_____